■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICAH JAMES, Appellant. [874 NYS2d 24]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered September 5, 2006, convicting defendant, after a jury trial, of burglary in the second degree and attempted burglary in the second degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Immediately after the court mentioned the location of the crime, the panelist at issue spontaneously volunteered that she lived in that area. Although the panelist then assured the court that this would not be a problem, the prosecutor later explained that he challenged this panelist because she had initially volunteered her concern about her proximity to the crime and had been particularly vocal on the subject. The record supports the court's finding that the nondiscriminatory reason provided by the prosecutor was not pretextual. This finding, which essentially involved an assessment of the prosecutor's credibility, is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.